IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 22-cv-01793-NYW-KLM

TIMOTHY HAWLEY,

    Plaintiff,

v.

KH GOVERNMENT SOLUTIONS, LLC, and
AAKASH PATEL,

    Defendants.

## ORDER ON MOTION TO DISMISS

This matter is before the Court on Defendants' Renewed Motion to Dismiss (the "Motion" or "Motion to Dismiss") [Doc. 47]. The Court has reviewed the Motion and the related briefing, the applicable case law, and the entire case file, and concludes oral argument would not materially assist in the resolution of this matter. For the reasons set forth below, the Motion to Dismiss is respectfully **GRANTED**.

### BACKGROUND

The following facts are drawn from the First Amended Complaint and Jury Demand (the "Amended Complaint") [Doc. 45] and are taken as true for purposes of this Order. This case arises out of "a real estate sale of a condominium" from Defendant KH Government Solutions, LLC ("KH") to Plaintiff Timothy Hawley ("Plaintiff" or "Mr. Hawley"). [Doc. 45 at ¶¶ 2, 5]. Defendant Aakash Patel ("Mr. Patel," and collectively with KH, "Defendants") is the sole member of KH. [*Id.* at ¶ 2].

KH and Mr. Hawley entered in a contract for the sale of the condominium in July 2019. *See* [Doc. 43-2 at 6].[1]  Mr. Hawley claims that the contract contains "several terms that were obviously illegal penalty clauses, and not remotely near pre-estimates of damages." [Doc. 45 at ¶ 6]. Mr. Hawley calls out two such provisions: first, he alleges that the contract requires a $90,000 down payment, with the remaining balance of $272,000 to be paid in monthly installments of $22,667. [*Id.* at ¶ 6(a)]. In addition, the contract contains a clause requiring a 25% late charge on untimely payments, which amounts to a monthly $5,660 penalty. [*Id.* at ¶ 6(b)]. Mr. Hawley alleges that the monthly payments "were many times the fair rental value of the property, and even the late charge was about four times the fair rental value." [*Id.* at ¶ 6]. He contends that the late charges "were grossly unconscionable and thus uncollectable," but that Defendants nevertheless "collected the illegal and unconscionable late charges and regularly harassed and threatened Plaintiff every time the high installments were not timely made." [*Id.* at ¶¶ 7–8]. According to Mr. Hawley, Defendants misrepresented to him that he owed certain late penalties for failure to

---

[1] A court may consider documents attached to or referenced in the operative pleading without converting a motion to dismiss into a motion for summary judgment if the extraneous documents are central to the plaintiff's claims and the parties do not dispute the documents' authenticity. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017). Here, the contract for sale of the condominium is not attached to the Amended Complaint or the Motion to Dismiss, but was attached to [Plaintiff's Unopposed] Motion for Leave to File First Amended Complaint and Jury Demand [Doc. 43]. *See* [Doc. 43-2; Doc. 43-3]. It appears that Plaintiff inadvertently neglected to attach his exhibits when filing his Amended Complaint with the Court's leave. *See* [Doc. 45]. The Court finds it appropriate to consider Plaintiff's exhibits in ruling on this Motion because both documents are referenced in the Amended Complaint, central to Plaintiff's claims, and no Party disputes the documents' authenticity. *See Dreyer v. Am. Nat'l Prop. & Cas. Co.*, No. 18-cv-03334-MSK-SKC, 2019 WL 3002927, at *1 n.2 (D. Colo. July 10, 2019) (considering document attached to original pleading, but not amended pleading, because it was "both referenced in . . . the operative Amended Complaint and [was] central to" the plaintiffs' claims). In addition, there is no dispute that both Mr. Hawley and KH executed the agreement. *See* [Doc. 45 at ¶¶ 5, 12(a); Doc. 43-2].

2

pay on time and warned him that if he did not immediately pay the late charges, he would be evicted and lose all of the money he had already paid to Defendants.  [*Id.* at ¶ 12].

More specifically, Plaintiff alleges that there were a "series of text communications during 2019 and 2020 . . . advising Plaintiff that he owed the illegal late charges and repeatedly threatening to sell the property to another or lock him out and wipe out his investment in the contract for deed if [the penalties were] not paid immediately."  [*Id.* at ¶ 12(b)]; *see also* [Doc. 43-3 (the text messages)].[2]  Mr. Hawley alleges that the statements in these text messages "were false in that [the late] charges are obviously illegal penalties and unconscionable and thus unenforceable, and the failure to pay would not result in eviction or loss of Plaintiff['s] interest in the property."  [Doc. 45 at ¶ 13].

According to Mr. Hawley, he has paid over $86,000 to Defendants that he was not obligated to pay, and he has suffered "severe emotional distress over a substantial period" which "resulted in physical symptoms."  [*Id.* at ¶ 16].  He claims that, in tabulating all of the funds paid to Defendants thus far, he has "paid the full purchase price of the contract, has performed all conditions precedent, and is entitled to have the property conveyed to him."  [*Id.* at ¶ 9].

Mr. Hawley initiated this civil action on July 20, 2022, [Doc. 1], and filed the Amended Complaint on March 7, 2023.  [Doc. 45].[3]  He asserts three claims against Defendants: (1) a breach of contract claim requesting specific performance in the form of conveyance of the condominium

---

[2] For the reasons explained in footnote 1, the Court may properly consider the text messages in ruling on the Motion to Dismiss.

[3] Defendants moved to dismiss the fraud claim in Plaintiff's original Complaint.  *See* [Doc. 29; Doc. 32; Doc. 33].  In response, Mr. Hawley stated that Defendants' argument was "well taken" and represented that he intended to cure the pleading defect by filing an amended pleading.  [Doc. 39 at 1].  Plaintiff subsequently filed an unopposed Motion to Amend, *see* [Doc. 43], which this Court granted.  [Doc. 44].

3

against KH ("Claim One"); (2) a fraud claim ("Claim Two") against KH and Mr. Patel; and (3) an "equitable restitution" claim ("Claim Three") against KH and Mr. Patel. [*Id.* at ¶¶ 9–19].[4]

On March 15, 2023, Defendants filed their Motion to Dismiss. [Doc. 47]. Therein, they seek dismissal of Claims Two and Three for failure to state a claim under Rule 12(b)(6) and request that Mr. Patel be "dismissed from this action with prejudice." [*Id.* at 1, 3]. Mr. Hawley responded in opposition to the Motion on April 5, 2023, [Doc. 49], and Defendants have since replied. [Doc. 50]. This matter is thus ripe for disposition, and the Court considers the Parties' arguments below.

## LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). A plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a

---

[4] The Court construes Claim One as asserted only against KH; while Claims Two and Three reference "Defendants," Claim One references only KH. *See* [Doc. 45 at ¶¶ 10, 12, 19]; *see also* [Doc. 38 at 2 (Plaintiff stating in the Scheduling Order that "Defendant K.H. has failed to convey title, thus breaching the contract and allowing specific performance.")]. This is consistent with the contract for sale, which is only between Mr. Hawley and KH. [Doc. 43-2 at 1]; *see also Paquet v. Smith*, 854 F. Supp. 2d 1003, 1009 (D. Colo. 2012) (holding that a defendant who is not a party to the agreement cannot be subjected to contract claims in his individual capacity when the individual signs a contract on behalf of an entity).

4

plaintiff's claims "across the line from conceivable to plausible"). The Court must ultimately "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## ANALYSIS

Defendants raise a number of arguments in their Motion to Dismiss. First, they assert that Claim Two should be dismissed for failure to meet the heightened pleading requirements of Rule 9. [Doc. 47 at 4]. Alternatively, they contend that Claim Two is barred in its entirety by the economic loss rule. [*Id.* at 5]. As for Claim Three, they argue that dismissal is appropriate because restitution is a type of remedy, and a claim for "equitable restitution" does not exist. [*Id.* at 7]. The Court addresses each of these arguments below.

### I.   The Fraud Claim

To state a claim for fraud, a plaintiff must allege that: (1) "the defendant made a false representation of a material fact"; (2) the defendant knew the representation to be false; (3) the defendant made the representation with the intent that it would be acted upon; (4) "the person to whom the representation was made was ignorant of the falsity"; and (5) "the reliance resulted in damage to the plaintiff." *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005). In addition, under Rule 9 of the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To meet this standard, a plaintiff "must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1254 (10th Cir. 2016) (quoting *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000)). The purpose of this heightened requirement

5

is to afford the defendant fair notice of the plaintiff's claims, *id.* at 1255, and to "ensure that the complaint provides the minimum degree of detail necessary to bring a competent defense." *Fulghum v. Embarq Corp.*, 785 F.3d 395, 416 (10th Cir. 2015) (citation omitted).

Defendants first assert that the Amended Complaint fails to meet the particularity requirements of Rule 9 because there are "no allegations of so-called fraud by either Defendant that led to the parties signing the contract." [Doc. 47 at 4–5]. Mr. Hawley does not address this argument in more than general terms. *See* [Doc. 49 at 2]. Nevertheless, while Defendants' assertion may be true, that does not necessitate dismissal of Mr. Hawley's fraud claim; Mr. Hawley has not asserted a claim of fraudulent inducement, which would indeed require some allegations of fraudulent behavior prior to the formation of a contract. *See Colo. Plasterers' Pension Fund v. Plasterers' Unlimited, Inc.*, 655 F. Supp. 1184, 1186 (D. Colo. 1987) ("Fraud in the inducement consists of inducing one by some fraudulent representation or pretense to execute the very contract intended to be executed."); *Medcorp, Inc. v. Pinpoint Techs., Inc.*, No. 08-cv-00867-MSK-KLM, 2009 WL 3158130, at *4 (D. Colo. Sept. 24, 2009) ("In a fraud in the inducement claim contesting a contract, the reliance element is satisfied if the plaintiff relied on the misrepresentation in entering into the agreement."). Mr. Hawley alleges that he entered into the contract in 2019 and that, *thereafter*, Defendants engaged in fraud by misrepresenting to him that he owed late penalties and threatening eviction if Plaintiff did not pay. [Doc. 45 at ¶¶ 12, 12(a)–(b)]. Accordingly, a lack of allegations detailing pre-contractual fraud is not fatal to Claim Two.

Next, Defendants contend that Plaintiff fails to allege any fraud that took place after the formation of the contract because Plaintiff fails to include sufficient details describing the alleged fraudulent statements—i.e., the "who, what, where, and when" of the statements. [Doc. 47 at 5]; *see also Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1277 (10th Cir. 2023) ("[A] complaint

6

stating the 'who, what, where, when, and how' of the alleged fraud gives a defendant the requisite level of notice required under Rule 9(b)."). Mr. Hawley responds that his pleading "not only pleads sufficient detail but attaches the texts that form the fraud verbatim." [Doc. 49 at 2].

The Court respectfully concludes that the Amended Complaint and the text messages, taken in isolation or together, do not state a cognizable claim for fraud. Plaintiff's theory of fraud appears to be as follows: Defendants engaged in false representations of material facts by advising Mr. Hawley that he owed late charges that were illegal and unenforceable and threatening to sell the property to another or lock him out and wipe out his investment if the payments due under the contract were not made immediately. [Doc. 45 at ¶¶ 12–14]. In doing so, however, Plaintiff impermissibly conflates two theories: (1) that Defendants committed fraud by misrepresenting what was in the contract; and (2) that the contract terms were unenforceable due to being illegal and unconscionable.

***Misrepresentations of Contractual Terms.*** Mr. Hawley has identified specific portions of the text messages that he believes were fraudulent—namely, the representations that Plaintiff owed certain late charges and that he would be evicted if he failed to pay those charges. *See* [Doc. 45 at ¶¶ 12, 12(b)]. But to the extent that Mr. Hawley proceeds on a theory that Defendants misrepresented the terms of the contract, this Court concludes that Mr. Hawley has failed to allege sufficient facts to permit a factfinder to so conclude. *See Malone v. City of Wynnewood*, No. Civ-17-0527-HE, 2017 WL 3671170, at *2 (W.D. Okla. 2017) (observing "where a complaint references extrinsic documents which contradict other general allegations in the complaint, a court is not obliged to accept the contradicted allegations as true." (citing *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1238 (10th Cir. 2014))). In comparing the contract with the text messages, the contract does, in fact, as Mr. Hawley concedes, state that Mr. Hawley owes

7

a total of $362,000 for the property; that he has already paid $40,000 and agrees to pay KH $50,000 upon the execution of the agreement; and that he owes a monthly amount of $22,667, beginning on July 1, 2019 and continuing each month thereafter. *Compare* [Doc. 43-2 at 1, § 2] *with* [Doc. 43-3]. The contract further provides that "[t]ime is of the essence in the performance of each and every term and provision in this agreement by Purchaser." [Doc. 43-2 at 1, § 3]. And finally, the contract states that after certain notice and time to cure by Plaintiff, KH "may regain possession of the property" or "be entitled to immediate possession of the property." [*Id.* at 3, § 9]. While Rule 9(b) does not require a detailed evidentiary basis, *see Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1253 (10th Cir. 1997), the Amended Complaint must articulate sufficient factual matter that allows a factfinder to conclude that the text messages sent by Mr. Patel misrepresented his obligations under the contract. *See Robbins*, 519 F.3d at 1247.

Here, other than the allegations and arguments that the terms of the contract are illegal and unenforceable, there are no factual allegations that, taken as true, demonstrate that Mr. Patel misrepresented to Mr. Hawley what was required under the contract. *See* [Doc. 45]. There are also no allegations that Mr. Patel misrepresented to Mr. Hawley what his legal obligations were outside of the contract. *See* [*id.*]. Nor are there allegations that Mr. Patel expressly represented to Mr. Hawley, falsely, that the contractual terms at issue were legally correct. *See* [*id.*]. And while Mr. Hawley has submitted the allegedly fraudulent text messages, the bare allegations in the Amended Complaint provide insufficient context to the text messages to adequately plead, under Rule 9(b), that Defendants misrepresented the terms of the contract.

***Unconscionable Terms.*** To the extent that Mr. Hawley is alleging that the contractual terms related to his payments and penalties are unenforceable because they are unconscionable[5] or illegal in violation of common law, statutes, or regulations governing individuals who sell real property or provide financing surrounding real property purchases, such a cause of action may be viable but is distinct from a cause of action for fraud that necessarily requires the pleading of a material misstatement or omission. *Coors*, 112 P.3d at 66. The Amended Complaint and the Response to the Motion to Dismiss do not identify any alternative cause of action arising from these allegations. *See* [Doc. 45; Doc. 49]. Mr. Hawley is represented by counsel and is not entitled to a liberal construction of his pleadings or other papers, *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007), and this Court may not speculate as to arguments not made or rewrite the operative pleading, particularly given that Plaintiff has been represented by counsel since the inception of this action. *See Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants)*; United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself.").

For these reasons, the Court finds that Mr. Hawley fails to state a plausible claim of fraud under Rule 9(b). The Motion to Dismiss is thus **GRANTED** as to Claim Two for fraud for failure to state a cognizable claim.

---

[5] "In Colorado, for a contract to be unconscionable, it must be both substantively and procedurally unconscionable," and the Colorado Supreme Court identified seven relevant factors to that determination: "(1) a standardized agreement executed by parties of unequal bargaining power; (2) lack of opportunity to read or become familiar with the document before signing it; (3) use of fine print in the portion of the contract containing the provision; (4) absence of evidence that the provision was commercially reasonable; (5) the terms of the contract; (6) the relationship of the parties, including factors of assent, unfair surprise, and notice; and (7) all the circumstances surrounding the formation of the contract." *Vernon v. Qwest Commc'ns Int'l, Inc.*, 925 F. Supp. 2d 1185, 1194 (D. Colo. 2013) (citing *Davis v. M.L.G. Corp.*, 712 P.2d 985, 991 (Colo. 1986)).

***Dismissal with Prejudice.***  Defendants seek dismissal with prejudice of Claim Two as to Mr. Patel. [Doc. 47 at 9]. Dismissal with prejudice of a complaint that fails to state a claim under Rule 12(b)(6) is appropriate only when "granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006); *Oxendine v. Kaplan*, 241 F.3d, 1272, 1275 (10th Cir. 2001). Defendants raise no argument explaining why amendment would be futile or why dismissal with prejudice is appropriate. *See generally* [Doc. 47]. Although Plaintiff has already amended once in the face of a motion to dismiss, *see* [Doc. 43], this Court cannot conclude that any claim against Mr. Patel (or KH) based on the text messages would be futile. Accordingly, this Court declines to dismiss Claim Two with prejudice as to Mr. Patel, but also declines to grant leave to amend based on Plaintiff's cursory arguments in his Response. *See* [Doc. 49 at 2]; *see also Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020) (holding that a court may decline to grant leave to amend in the absence of a formal motion because a "bare request to amend in response to a motion to dismiss" does not alert the court or opposing party of the request to amend or the basis for it). To the extent that Mr. Hawley seeks leave to further amend, however, he must meet and confer with opposing counsel about the specific cause or causes of action that may be asserted based on the factual allegations about the contractual terms and/or the text messages,[6] and file a motion for leave to amend, with the proposed Second Amended Complaint, no later than **August 15, 2023**. *See* D.C.COLO.LCivR 7.1(a), 15.1.

## II.     The "Equitable Restitution" Claim

Next, Defendants assert that Mr. Hawley's Claim Three—the "equitable restitution" claim—should be dismissed because restitution is a form of relief, not a standalone claim. [Doc.

---

[6] To be clear, any proposed amended pleading with additional causes of action must be premised on the contractual terms being unconscionable and/or illegal or the text messages. This Court does not contemplate a motion for leave to amend based on an entirely new factual basis.

47 at 7]. Defendants go on to argue that even if the Court were to construe Claim Three as an unjust enrichment claim, Mr. Hawley fails to state a claim under Rule 12(b)(6). [*Id.* at 7–8]. In his Response, Mr. Hawley sets forth some general legal statements about the doctrine of restitution before insisting that "the label put on [his] claim is unimportant," and "[w]hatever [his claim] is called, Plaintiff is entitled to his overpayments back." [Doc. 49 at 5].

Restitution is an equitable remedy that seeks to restore a party to its prior status. *Zeke Coffee, Inc. v. Pappas-Alstad P'ship*, 370 P.3d 261, 265 (Colo. App. 2015). The remedy is "based on the general principle that one should not be permitted to keep that which in equity and good conscience should be restored to another, and it encompasses, among others, the theories of recovery asserted here by trustee: unjust enrichment, quasi-contract, money had and received, and constructive trust." *Berger v. Dixon & Snow, P.C.*, 868 P.2d 1149, 1152 (Colo. App. 1993) (quotation omitted). "Restitution" is not an independent claim but is instead a form of relief "which may be granted if certain underlying claims are established." *United States v. Health Care Mgmt. Partners, Ltd*, No. 04-cv-2340-REB-BNB, 2005 WL 8171865, at *7 (D. Colo. Oct. 31, 2005).

Mr. Hawley makes no attempt to clarify the substance of Claim Three, instead simply stating that the label on the claim is "unimportant" and that "[w]hatever [the claim] is called," he is entitled to restitution. [Doc. 49 at 5]. It is not this Court's duty to perform legal research or make arguments on Plaintiff's behalf. *Davis*, 622 F. App'x at 759. The Court will not attempt to ascertain a substantive claim available to Plaintiff on his allegations where he has made no effort to select a legal theory upon which he may seek restitution, particularly given that Rule 8 requires, at a minimum, that a pleading articulate the cause of action asserted. *See Polovino v. Int'l Bhd. of Elec. Workers, AFL-CIO*, No. 15-cv-023-JHP-PJC, 2015 WL 4716543, at *4 (N.D. Okla. Aug. 7,

11

2015) ("[A] complaint must specify the legal basis for any claim."). Because Mr. Hawley has not done so, and has made no attempt to clarify his claim in his Response, the Court finds that Claim Three must be dismissed.[7]

Accordingly, this portion of Defendants' Motion to Dismiss is **GRANTED** and Claim Three is **DISMISSED without prejudice**[8] to the extent it is framed as an independent claim. *See Health Care Mgmt. Partners*, 2005 WL 8171865, at *7. However, Mr. Hawley is not precluded from seeking restitution as an available remedy should he seek to file an amended pleading identifying an actual substantive claim permitting such relief. Mr. Hawley is reminded that should he seek to amend his Amended Complaint, any forthcoming motion to amend must comply with the Local Rules of Practice and the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons stated herein, it is hereby **ORDERED** that:

(1)  Defendants' Renewed Motion to Dismiss [Doc. 47] is **GRANTED**;

(2)  Claims Two and Three are **DISMISSED without prejudice**; and

(3)  To the extent that Plaintiff seeks leave to amend based on the factual allegations set forth in the Amended Complaint regarding the contractual terms and/or text

---

[7] Although Defendants assert that if the claim is construed as an unjust enrichment claim, the claim would still be subject to dismissal under Rule 12(b)(6), *see* [Doc. 47 at 7–9], Mr. Hawley does not respond to this argument, contend that Claim Three should be construed as an unjust enrichment claim, or defend Claim Three against Defendants' substantive arguments. *See* [Doc. 49 at 4–5]. Accordingly, the Court assumes that Mr. Hawley did not intend to assert an unjust enrichment claim and does not address Defendants' unjust enrichment argument.

[8] Although Defendants request that Claim Three be dismissed as to Mr. Patel with prejudice, they do not offer any substantive argument in support. [Doc. 47 at 9]. The Court declines to dismiss this "claim" with prejudice as to Mr. Patel, so as to not foreclose any opportunity for Plaintiff to seek restitution with an adequately pled substantive claim.

messages, a motion for leave to amend, and a proposed second amended complaint, shall be filed no later than **August 15, 2023**.

DATED:  August 1, 2023

BY THE COURT:

_____
Nina Y. Wang
United States District Judge