IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 22-cv-01793-NYW-KAS

TIMOTHY HAWLEY,

    Plaintiff,

v.

KH GOVERNMENT SOLUTIONS, LLC, and
AAKASH PATEL,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment (the "Motion" or "Motion for Summary Judgment"). [Doc. 88, filed May 3, 2024]. The Court has reviewed the Motion and the related briefing, the applicable case law, and the record before the Court, and concludes that oral argument would not materially assist in the resolution of the Motion. For the reasons set forth below, the Motion for Summary Judgment is respectfully **DENIED**.

## BACKGROUND

This case arises out of the sale of a condominium ("the Property") from Defendant KH Government Solutions, LLC ("KH") to Plaintiff Timothy Hawley ("Plaintiff" or "Mr. Hawley"), which was memorialized by contract. [Doc. 68 at ¶¶ 2, 5]; *see also* [Doc. 88-1 (the contract)]. Mr. Hawley alleges that the contract contained unconscionable and unenforceable late-fee penalties. *See, e.g.*, [Doc. 68 at ¶¶ 6–7]. He also alleges that KH and Aakash Patel, the sole member of KH ("Mr. Patel," and collectively with KH,

"Defendants"), knew that the late-fee charges were illegal and unenforceable and "collected the illegal and unconscionable late charges and regularly harassed and threatened Plaintiff to attempt to collect the illegal funds." [*Id.* at ¶¶ 8, 14]. For example, Plaintiff alleges that Mr. Patel threatened to sell the home to another buyer or evict Plaintiff if he did not make additional payments, despite the fact that Plaintiff had paid the contract in full. [*Id.* at ¶ 12(c)(i)–(iv); *id.* at ¶ 13]. According to Plaintiff, he has overpaid approximately $108,772.66 on the contract. [*Id.* at ¶ 16].

Mr. Hawley raises four claims in this case: a breach of contract claim seeking specific performance ("Count I"), [*id.* at ¶¶ 9–11]; a fraud claim ("Count II"), [*id.* at ¶¶ 12–16]; another claim titled "breach of contract by failing to refund" ("Count III") (emphasis omitted), [*id.* at ¶¶ 17–20]; and one claim seeking "rescission under [Colo. Rev. Stat.] § 38-35-126" ("Count IV"), [*id.* at ¶¶ 21–23]. Defendants now move for partial summary judgment, seeking judgment in Mr. Patel's favor on Counts I and III and judgment in both Defendants' favor on Count II. *See* [Doc. 88 at 2].[1] Plaintiff has filed a response in opposition, [Doc. 91], and Defendants have replied, [Doc. 94]. The Court considers the Parties' arguments below.

## LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact

---

[1] The Second Amended Complaint does not identify which claims are asserted against which Defendants. *See generally* [Doc. 68]. Defendants construe Count IV as asserted against KH only, *see* [Doc. 88 at 2], and Mr. Hawley does not dispute this characterization, *see generally* [Doc. 91]. Based on Plaintiff's non-opposition, and because Count IV is a contract-based claim and raises only allegations related to KH, *see* [Doc. 68 at ¶¶ 21–23], the Court construes Count IV as asserted against KH only.

2

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way. A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (citation and quotations omitted).

A movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant must only point the Court to a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). Once the movant has met this initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation omitted). When considering the evidence in the record, the Court cannot and does not weigh the evidence or determine the credibility of witnesses. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1165 (10th Cir. 2008). At all times, the Court views the record in the light most favorable to the nonmoving party. *Banner Bank v. First Am. Title Ins. Co.*, 916 F.3d 1323, 1326 (10th Cir. 2019).

## UNDISPUTED MATERIAL FACTS

The following material facts are drawn from the summary judgment record and are undisputed unless otherwise noted. On or about July 30, 2019, Mr. Hawley entered into the contract with KH for the condominium sale. [Doc. 88 at ¶ 1; Doc. 91 at ¶ 1; Doc. 88-1 at 1, 6; Doc. 88-2 at 62:18–63:18].[2] Mr. Patel is not a party to the contract. [Doc. 88 at

---

[2] When citing to transcripts, the Court cites to the page and line numbers appearing on the transcript. In all other instances, the Court cites to the page numbers generated by the CM/ECF system.

3

¶ 5; Doc. 91 at ¶ 5; Doc. 88-1 at 1]. Plaintiff did not negotiate directly with KH, but instead used an intermediary to negotiate on his behalf. [Doc. 88 at ¶ 2; Doc. 91 at ¶ 2; Doc. 88-2 at 48:18 –25].

Under the contract's terms, Plaintiff was to pay $362,000 for the Property, most of which was to be paid in monthly installments of $22,667. [Doc. 88 at ¶¶ 3, 6; Doc. 91 at ¶¶ 3, 6; Doc. 88-1 at 1 § 2].[3] The contract also contained a provision imposing a fee of "twenty-five (25%) percent of the late installment" in the event of late payments. [Doc. 88 at ¶ 6; Doc. 91 at ¶¶ 6, 10; Doc. 94 at ¶ 10; Doc. 88-1 at 4 § 15].[4] Plaintiff was late with at least one payment. [Doc. 88 at ¶ 6; Doc. 91 at ¶ 6; Doc. 88-2 at 72:7–12].

At various times in 2019 and 2020, Mr. Patel sent text messages to Mr. Hawley discussing payments and late fees and warning him that the Property would be placed on the market if he did not make additional payments. [Doc. 91 at ¶ 12; Doc. 94 at ¶ 12; Doc. 91-2 at 4, 8, 10–11, 15]. At his deposition, Mr. Hawley stated that he could not recall if KH or Mr. Patel had done anything to defraud him prior to signing the contract and could not answer whether Defendants did anything to defraud him after signing the contract. [Doc. 88 at ¶ 7; Doc. 91 at ¶ 7; Doc. 88-2 at 127:2–22].

## ANALYSIS

### I.   Counts I and III Against Mr. Patel

Defendants first contend that Counts I and III should be dismissed as to Mr. Patel because Mr. Patel is not a party to the purchase contract. [Doc. 88 at 5]. In his Response,

---

[3] The contract contemplates a $90,000 down payment, *see* [Doc. 88-1 at 1 § 2], but the Parties dispute whether that was paid, *see* [Doc. 91 at ¶ 8; Doc. 94 at ¶ 8].

[4] Plaintiff disputes that the late-fee provision was enforceable but does not dispute that it was part of the contract. [Doc. 91 at ¶ 6].

4

Mr. Hawley concedes that Mr. Patel is not a party to the contract and suggests that "a careful reading of the second amended complaint shows Patel was never a defendant in the breach of contract count," i.e., Count I, because the claim alleges that "Defendant KH Government Solutions, LLC, in breach of the contract, has failed and refused to convey Plaintiff title to the real property as agreed." [Doc. 91 at 1 (emphasis omitted) (quoting [Doc. 68 at ¶ 10])]. In light of Plaintiff's clarification, the Court construes Count I as asserted only against KH, and therefore, Defendants' request for judgment in Mr. Patel's favor on this claim is moot. *Cf. Valencia v. City of Santa Fe*, No. 12-cv-00137-JCH-WPL, 2014 WL 11430907, at *11 (D.N.M. Feb. 25, 2014) (denying portion of motion for summary judgment as moot based on clarification from the plaintiff about the claims he intended to assert).

As for Count III, the Parties' dispute is fundamentally over the nature of the claim itself. Plaintiff acknowledges that Mr. Patel cannot be held liable for claims "requiring" a contract, but suggests that summary judgment is inappropriate on Count III because it is not a contract-based claim, at least with respect to Mr. Patel. [Doc. 91 at 6]. Specifically, Mr. Hawley asserts that it "is not so clear" whether a contract must exist to recover under his "overpayment theory," directing the Court to a large block quote from *Berger v. Dixon & Snow, P.C.*, 868 P.2d 1149 (Colo. App. 1993), which discusses the legal principles of restitution and unjust enrichment. *See* [Doc. 91 at 6–7]; *see also Berger*, 868 P.2d at 1152. Plaintiff then argues that he can recover against Mr. Patel "for the overpayment under the *Berger* case" because he made the overpayments directly to Mr. Patel and because "'in equity and good conscience' Patel should be responsible for his own actions regardless of whether he is a 'party' to the contract." [Doc. 91 at 7]. In other words,

5

Plaintiff insists that Count III is a viable quasi-contractual claim as to Mr. Patel. Defendants challenge this characterization of Count III in their Reply, arguing that the claim is decidedly a contract claim, not an unjust enrichment claim, given that the title of Count III references a breach of contract and the claim's allegations reference a "contract-based action." [Doc. 94 at 5]. They contend that "Count III cannot be construed to be a claim for breach of contract as against KH, but a claim for unjust enrichment as against Mr. Patel." [*Id.* at 6].

The Court agrees that Count III is not a model of clarity. Its title, "Breach of Contract by Failing to Refund," [Doc. 68 at 8 (emphasis omitted)], suggests a contract claim. However, "the label which a plaintiff applies to a pleading does not determine the nature of the cause of action." *United States v. Louisville & Nashville R.R.*, 221 F.2d 698, 701 (6th Cir. 1955). "[T]rial courts should not rely solely on labels in a complaint, but should probe deeper and examine the substance of the complaint[] to determine what claims a plaintiff has pled." *OverDrive, Inc. v. Open eBook F.*, No. 1:17-cv-00165-SO, 2019 WL 3530402, at *2 (N.D. Ohio May 16, 2019) (quotation omitted). Turning to the substantive allegations underlying the claim, Count III first references a "contract-based action when one party to the contract overpays its obligations under the contract, particularly by an improper demand." [Doc. 68 at ¶ 18]. But it then immediately alleges that the purported overpayment "was caused by Defendants' demands for late charges and fees not owed and miscalculation of amounts due and *Defendants were unjustly enriched*" by the overpayment. [*Id.* at ¶ 19 (emphasis added)]. Count III also asserts that "[i]t is *unjust and inequitable* that Defendants [would] be permitted *to retain the unjust enrichment*." [*Id.* at ¶ 20 (emphasis added)].

6

The Court finds it appropriate to defer to Plaintiff's characterization of Count III insofar as the claim is asserted against Mr. Patel.  As a preliminary matter, the Court is respectfully unpersuaded by Defendants' contention that it would somehow be illogical or contrary to law to construe Count III as an unjust enrichment claim as to Mr. Patel.  *See* [Doc. 94 at 6"].  Count III invokes *both* contractual and quasi-contractual theories of relief.  Although asserting alternative theories of relief within a single count is unusual, it is permitted by the Federal Rules.  *See* Fed. R. Civ. P. 8(d)(2) (permitting litigants to assert alternative or inconsistent statements of a claim, including "in a single count").  And it is well-established that plaintiffs may plead breach of contract and unjust enrichment in the alternative.  *See United Water & Sanitation Dist. v. Geo-Con, Inc.*, 488 F. Supp. 3d 1052, 1058 (D. Colo. 2020).  Nothing prohibits the Court from construing Count III as an unjust enrichment claim as to Mr. Patel.

Moreover, the circumstances of this litigation also weigh in favor of recognizing Plaintiff's characterization of the claim.  Because Count III expressly invokes the theory of unjust enrichment, Defendants have been on notice of this potential theory of relief since September 5, 2023, when the Second Amended Complaint was filed.  *See* [Doc. 68].  If they needed more information as to the exact nature of the claim, they could have filed a motion for a more definite statement under Rule 12(e) or sought clarification directly from Plaintiff.  And Defendants did not move to dismiss Count III at the motion-to-dismiss stage, which means that this is the first opportunity for Plaintiff to substantively clarify the

nature of Count III in a formal filing. The Court will not ignore Plaintiff's characterization of his own claim at this late stage in the litigation.[5]

In sum, the Court construes Count III as an unjust enrichment claim insofar as it is asserted against Mr. Patel. Because Defendants' summary judgment argument is based solely on Mr. Patel not being a party to the contract, [Doc. 88 at 5], and because an unjust enrichment claim is a "claim in quasi-contract for money damages based upon principles of restitution," *DCB Const. Co. v. Cent. City Dev. Co.*, 965 P.2d 115, 118 (Colo. 1998), the Motion for Summary Judgment is respectfully **DENIED** to the extent it seeks to dismiss Count III against Mr. Patel.

## II.   Count II

Defendants also move for summary judgment in their favor on Count II, Plaintiff's fraud claim. [Doc. 88 at 6]. They argue that this claim fails "for a simple lack of proof" because Mr. Hawley was unable to identify his theory of fraud in his deposition. [*Id.*]. At the deposition, the following exchange occurred:

> Q. Okay. You -- you have accused KH and Mr. Patel of defrauding you in the -- at least in the federal lawsuit you have. Are you aware of that?
>
> A. I'm aware.

---

[5] The Court respectfully disagrees with Defendants' argument that Count III cannot be construed as an unjust enrichment claim because Plaintiff "did not plead the elements under Colorado law of an unjust enrichment claim." [Doc. 94 at 6]. Plaintiff alleges that he paid Defendants $108,722.66 that he did not owe and that it would be unjust to permit Defendants, including Mr. Patel, to retain that money. [Doc. 68 at ¶¶ 16–20]; *see also United Water & Sanitation Dist.*, 488 F. Supp. 3d at 1058 ("To state a claim for unjust enrichment, a plaintiff must show that (1) at plaintiff's expense (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without paying." (quotation omitted)). The Court does not pass on the sufficiency of these allegations under Rule 12(b)(6), but simply concludes that the allegations put Defendants on notice that Plaintiff may be proceeding under an unjust-enrichment theory.

8

> Q. Okay. So what did KH or Mr. Patel do to defraud you? Let me be more specific. Did they do -- did they say anything to you to defraud you prior to signing the contract in July of 2019 that you can identify today?
>
> A. I cannot recall.
>
> Q. Okay. Are you aware that you are suing them for defrauding you? It's a legal claim you have asserted. Are you even aware of that?
>
> A. I'm aware.
>
> Q. Okay. So what can you tell me that they did to defraud you after you signed the contract?
>
> A. I -- at this time I -- I cannot give you an answer to that question.

[Doc. 88-2 at 127:2–22]. Defendants assert that "[t]his evidence shows that there is a lack of proof of any of the elements of" the fraud claim, without any further accompanying argument. [Doc. 88 at 7]. Plaintiff responds that "Defendants cite not a single authority for this novel theory that a Plaintiff who cannot explain the facts and legal theory when asked a conclusory legal question in his deposition is somehow entitled to summary judgment, when they can swear to the specific underlying facts in a declaration prepared with counsel and time to lay out the facts." [Doc. 91 at 7–8]. In support, Mr. Hawley submits a declaration laying out the text messages he received from Mr. Patel, including an October 15, 2020 message in which Mr. Patel told Mr. Hawley that he would add another late fee if Mr. Hawley did not pay an additional $18,000, despite the fact that Mr. Hawley had already paid the contract amount by June 2020. [Doc. 91-1 at ¶ 12(i)]; *see also* [Doc. 91-2 at 2].

The Court is respectfully unpersuaded by Defendants' argument that they are entitled to summary judgment simply because Mr. Hawley could not articulate the legal theory behind his fraud claim at his deposition. To be sure, Defendants may succeed at

9

summary judgment by showing a lack of evidence on an essential element of the fraud claim. *See Adler*, 144 F.3d at 671. However, Defendants' one-sentence argument generally attacking *all* elements of the claim, without explaining how Plaintiff's deposition answers negate any particular element, is insufficient to meet this burden. *See Hindman v. Thompson*, 557 F. Supp. 2d 1293, 1306 (N.D. Okla. 2008) (denying summary judgment based on the defendant's "generalized and conclusory assertions" that lacked any legal authority or analysis). Moreover, Defendants direct the Court to no legal authority in which a court entered judgment in a defendant's favor based on a plaintiff's failure to articulate the basis of a claim in a deposition. On the other hand, this Court located at least one case concluding that this is an insufficient basis to grant summary judgment. *See Megna v. Little Switzerland of Am. Candy Factory, Inc.*, No. 17-cv-00308-RM-KMT, 2019 WL 5310254, at *4 (D. Colo. Oct. 21, 2019) (rejecting argument that the defendants were entitled to summary judgment because the plaintiff could not articulate the factual basis of certain claims at his deposition because "the complaint state[d] allegations supporting" the claims).

Nor do Defendants explain why Plaintiff's deposition answers should lead the Court to disregard the other evidence in this case, such as the text messages, which have always been the basis for Plaintiff's fraud claim. *See* [Doc. 45 at ¶ 12(b); Doc. 68 at ¶ 12(c)]; *see also* [Doc. 1 at ¶ 12 (Plaintiff alleging that Defendants falsely "represented to Plaintiff that he owed certain penalty late charges and has told Plaintiff if he did not immediately pay them, he would be evicted and lose the large sum of money he had paid," but not expressly mentioning that the representations were over text)]. Indeed, Plaintiff has adduced evidence that even after Mr. Hawley paid off the contract, Mr. Patel

10

repeatedly told Mr. Hawley that he was owing on the contract and that additional late fees would be imposed if Mr. Hawley did not make additional payments. *See generally* [Doc. 91-2]; *see also* [Doc. 91-1 at ¶ 12(i) (Mr. Hawley stating in his declaration that he had paid the contract in full by June 2020)].[6]

To succeed on summary judgment, Defendants must prove that there is no genuine dispute of material fact with respect to the fraud claim. Plaintiff's deposition answers alone are insufficient to make that showing. Indeed, at the very least, there is a genuine dispute of material fact precluding summary judgment on Plaintiff's fraud claim. *See, e.g.*, [Doc. 91 at ¶ 12(i); Doc. 94 at ¶ 12(i)]. To the extent Defendants believe that Plaintiff's deposition testimony negates the merits of his fraud claim, they can present that evidence and make that argument to the jury.

---

[6] Defendants' argument that the Court should disregard Mr. Hawley's declaration as a "sham" affidavit is unconvincing. "Sham affidavits, though 'unusual,' arise when a witness submits an affidavit that contradicts the witness's prior testimony." *Knitter v. Corvias Mil. Living, LLC*, 758 F.3d 1214, 1218 n.3 (10th Cir. 2014) (quoting *Law Co. v. Mohawk Const. & Supply Co.*, 577 F.3d 1164, 1169 (10th Cir. 2009)). Courts may disregard an affidavit if it directly contradicts the affiant's prior deposition testimony. *A.C. v. Jefferson Cnty. R-1 Sch. Dist.*, 721 F. Supp. 3d 1162, 1178 (D. Colo. 2024). The Court does not find Mr. Hawley's affidavit, which is entirely consistent with the allegations in the Second Amended Complaint and his theory of the case throughout this litigation, *see* [Doc. 68 at ¶ 12(c)], to be in direct contradiction of his deposition answers. While Mr. Hawley's inability to answer defense counsel's questions at his deposition may go to the strength of his case, it does not, in the Court's view, necessitate a conclusion that the declaration is a "sham" affidavit. *Cf. Curry v. Gonzales*, No. 20-cv-00116-RB-SCY, 2022 WL 2290598, at *4–5 (D.N.M. June 24, 2022) (concluding that plaintiff's declaration stating that she was assaulted in a particular location did not contradict her prior deposition testimony that she could not recall whether she was assaulted in that location, as the declaration "[did] not contradict any specific or unequivocal statements"); *see also Law Co.*, 577 F.3d at 1169 (explaining that the district court must "first determine whether the conflicting affidavit is simply an attempt to create a 'sham fact issue' before excluding it from summary judgment consideration" (cleaned up)).

In sum, Defendants have not demonstrated that they are entitled to summary judgment on Count II simply because Plaintiff could not articulate the bases of his fraud claim during his deposition. Accordingly, the Motion for Summary Judgment is respectfully **DENIED** as to Count II.

### III. Alternative Dispute Resolution

Having decided that Defendants have not demonstrated entitlement to summary judgment, the Court considers the practical aspects of this case. As part of Mr. Hawley's prayer for relief as to Count I, he requests that "this Court enter its decree of specific performance ordering the title [of the Property] to Plaintiff." [Doc. 68 at ¶ 11]. He also claims that he has been overpaid for the Property in the sum of $108,772.66 and seeks a judgment in his favor for that amount. [*Id.* at ¶ 16; *id.* at 9]. Alternatively, Mr. Hawley seeks rescission under Colo. Rev. Stat. § 38-35-126 and requests the return of all payments made pursuant to the contract, which Plaintiff says amounts to $380,772.66, plus statutory prejudgment interest and fees and costs. [*Id.* at 10]. In their Motion for Summary Judgment, Defendants represent that KH "has offered to deed the property to the Plaintiff, simply to be done with this lawsuit. The Plaintiff has rejected this good faith offer." [Doc. 88 at 2]. In his declaration, Mr. Hawley states that he "ha[s] never received a deed to the property." [Doc. 91-1 at ¶ 9]. In their Reply, Defendants admit that Mr. Hawley has not received a deed to the Property. [Doc. 94 at ¶ 9].

Given the alternative causes of action and relief for specific performance and rescission, and these respective statements by the Parties, it is unclear what relief Plaintiff is actually seeking should he prevail at trial or what remains at issue given Defendants' offer to convey the deed of the Property to Mr. Hawley. Accordingly, the Parties are

12

**ORDERED** to **ENGAGE** in alternative dispute resolution before a mediator no later than **January 31, 2025** and **FILE** a Joint Status Report about the outcome of their efforts no later than **February 2, 2025**. Should the Parties seek a settlement conference before the Honorable Kathryn A. Starnella, they shall file a formal motion compliant with D.C.COLO.LCivR 16.6 no later than **December 20, 2024**.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1) Defendants' Motion for Summary Judgment [Doc. 88] is **DENIED**;

(2) The Parties are **ORDERED** to **ENGAGE** in alternative dispute resolution before a mediator no later than **January 31, 2025**;

(3) The Parties shall **FILE** a Joint Status Report no later than **February 2, 2025**. The Joint Status Report should address the Parties' efforts in alternative dispute resolution, the likelihood of resolution, and whether the Parties request that the Court set a Status Conference for the purposes of setting trial; and

(4) Should the Parties seek a settlement conference before the Honorable Kathryn A. Starnella, they should file a formal motion compliant with D.C.COLO.LCivR 16.6 no later than **December 20, 2024**.

DATED: December 9, 2024

BY THE COURT:

Nina Y. Wang
United States District Judge